IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIM. ACTION: 1:23-00111-KD-MU |
| | ) |
| OTIS SANDERS, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the Motion for a New Trial, (Doc. 461), and Motion for Judgment of Acquittal, (Doc. 462), filed by Defendant Otis Sanders, Jr. Upon consideration, the Court concludes that ample evidence was introduced at trial that proved Sanders possessed with intent to distribute both methamphetamine and cocaine in violation of 21 U.S.C. § 841(a)(1) with respect to the charges of which Sanders was adjudged guilty. Per the Motion for a New Trial, "Defendant Sanders was never shown to have actively possessed meth or cocaine, only his co-defendants possessed the cocaine and meth." (Doc. 461). Sanders' contention fails on multiple grounds. First, circumstantial evidence[1] was admitted at trial showing Sanders' actual possession of the drugs at issue. Second, Sanders overlooks that neither constructive possession,[2] aiding and abetting,[3] nor Pinkerton liability[4] require actual possession to convict. Accordingly, Sanders'

---

[1] The government may prove the elements of a § 841(a)(1) offense with direct or circumstantial evidence. U.S. v. Harris, 20 F.3d 445, 453 (11th Cir. 1994).

[2] "The government may prove constructive possession [under § 841(a)(1)] if it shows a defendant maintained dominion or control over the drugs or over the premises where the drugs are located." Harris, 20 F.3d at 453.

[3] "To convict under a theory of aiding and abetting, the Government must prove: (1) the substantive offense was committed; (2) the defendant contributed to and furthered the offense; and (3) the defendant intended to aid in its commission . . . Additionally, our precedent provides that in a prosecution for aiding and abetting possession of narcotics with intent to distribute, there must be evidence connecting the defendant with both aspects of the crime, possession and intent to distribute." U.S. v. Capers, 708 F.3d 1286, 1306 (11th Cir. 2013) (cleaned up).

[4] Each party to a continuing conspiracy may be held vicariously liable for substantive offenses committed by a co-conspirator during the course and in furtherance of the conspiracy, notwithstanding the party's non-participation in the offenses. Pinkerton v. U.S., 328 U.S. 640 (1946).

2

Motion for a New Trial, (Doc. 461), which is predicated solely on the absence of such evidence, is **DENIED**.

Further, while Sanders' motion for a judgment of acquittal is not specific to any charge of which Sanders was adjudged guilty and offers *no* argument in support thereof, because there was sufficient to sustain a conviction as to each charge of which Sanders was found guilty, his Motion, (Doc. 462), is **DENIED.**

**DONE** and **ORDERED** the **24th** day of **April 2024**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**